# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRIAN NEWSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:00-cv-1622-SEB-VSS |
| ) | |
| DR. FENOGLIO, et al., ) | |
| ) | |
| Defendants. ) | |

### Entry Discussing Motion for Summary Judgment of
### Defendants Dr. Joe Stephen Greene and Dr. James Fenoglio

Defendants Joe Stephen Greene, M.D. ("Dr. Greene") and James Fenoglio, M.D. ("Dr. Fenoglio") seek the entry of summary judgment in this action by Brian Newson ("Newson") alleging violation of his Eighth Amendment right to receive constitutionally adequate medical care while confined at an Indiana prison. As used in this Entry, "the motion for summary judgment" refers to the motion for summary judgment filed by Dr. Greene and Dr. Fenoglio on May 24, 2006.

Whereupon the court, having read and examined the pleadings, and having considered the motion for summary judgment, and being duly advised, finds that the motion for summary judgment must be granted. This conclusion rests on the following facts and circumstances:

  1. Newson is confined at the Pendleton Correctional Facility ("PCF"), which is a prison operated by the Indiana Department of Correction ("DOC"). At the times pertinent to the claims in this action, Dr. Greene and Dr. Fenoglio were physicians responsible for the delivery of medical services to inmates at the PCF, including Newson.

  2. While confined at the PCF, Newson was bitten by a brown recluse spider. He alleges that his medical care was inadequate, causing the bite to become infected and ulcerated, and that other prisoners who had also been bitten were treated better. His contention is that Dr. Greene and Dr. Fenoglio delivered constitutionally inadequate medical care to him following the spider bite.

3.      "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. Id. "'It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor*, 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

4.      The undisputed facts for the purpose of the defendants' motion for summary judgment are the following:

   a.     On August 23, 1998, Newson submitted a health care form to be seen by medical staff for a bite that he reported that he received from a brown recluse spider. On August 24, 1998, Newson was sent to the hospital by a correctional staff person due to increased pain and swelling of his ankle and foot.

   b.     A nurse saw Newson and told him that he would be scheduled to be seen by a medical doctor. On August 25, 1998, Dr. Fenoglio examined the bite. Dr. Fenoglio put a bandage on the bite and stated that he would see Newson again in 30 days.

   c.     On September 13, 1998, Newson submitted another medical health care form. After contacts with other medical personnel, Newson was seen by Dr. Greene on September 16, 1998. Newson reported to Dr. Greene that he (Newson) had been bitten by a brown recluse spider; Dr. Greene cleaned the wound with sterile water, placed an antibiotic ointment on it and wrapped the wound. Dr. Greene also ordered a prescription for Ibuprofen and an antibiotic and ordered the wound to be cleaned once a day or twice if needed.

   d.     Newson's complaint in this case was filed with the clerk on October 20, 2000. His complaint was signed, however, on August 1, 2000, and he has proceeded in this action while incarcerated and without representation.

5.      The motion for summary judgment has correctly identified the nature of the action as being brought pursuant to 42 U.S.C. § 1983, and has correctly identified the applicable statute of limitations. *See Hoagland v. Town of Clear Lake, Ind.,* 415 F.3d 693, 699-700 (7th Cir. 2005) ("For §§ 1983 and 1985 claims, the statute of limitations is determined by the law of the state in which the violation took place."); *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)). As recited above, Newson was seen by Dr. Fenoglio on August 25, 1998, and by Dr. Greene on September 16, 1998. These defendants argue that the statute of limitations expired prior to filing of the lawsuit with the clerk on October 20, 2000. This argument is factually accurate, but is incomplete, because it overlooks Newson's incarcerated *pro se* status, as a result of which the complaint is treated as having been "filed" on the date it was signed. The complaint was signed on

August 1, 2000, which was less than two (2) years after Dr. Fenoglio and Dr. Greene each saw and treated Newson for the reported spider bite. Thus, on this basis the motion for summary judgment would have to be denied.

6. The motion for summary judgment must be granted, however, on the alternative basis that, considering the totality of Newson's medical care in relation to the medical treatment he sought for the reported spider bite, *see Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999), the evidentiary record shows no material question of fact as to whether either Dr. Fenoglio or Dr. Greene were deliberately indifferent to Newson's serious medical needs. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005)("To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind." The officials must know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. Additionally, a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.") (some quotations and internal citations omitted). On the contrary, that same record shows that the medical judgments concerning Newson's condition and treatment, and specifically such judgments made by Dr. Fenoglio and Dr. Greene, were not "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole v. Fromm,* 94 F.3d 254, 262 (7th Cir. 1996), *cert. denied,* 519 U.S. 1109 (1997). These circumstances negate the existence of deliberate indifference regarding Newson's health care while at the PCF, and the moving defendants are thus entitled to summary judgment as a matter of law. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."), *cert. denied,* 519 U.S. 1115 (1997).

8. On the basis of the foregoing, therefore, the motion for summary judgment is **granted.** This ruling resolves the last claims in the case. Final judgment consistent with this Entry and with the prior rulings resolving the other claims shall now issue.

**IT IS SO ORDERED**.

Date: 07/05/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana